**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA STRONG, | No. 13-36208 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02046-HZ |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted November 3, 2014[**]

Before:    LEAVY, GRABER, and W. FLETCHER, Circuit Judges.

Joshua Strong appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for child disability

benefits and supplemental security income under Titles II and XVI of the Social

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Security Act. Strong contends that the administrative law judge ("ALJ") failed to develop the record sufficiently by denying Strong's request for a psychological evaluation to ascertain his current IQ scores. He also argues that the record is ambiguous and incomplete without such evidence because it would be probative of his current work-related capabilities. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

Strong's contention that the ALJ failed to fulfill his duty to develop the record sufficiently is unpersuasive. The evidence was not ambiguous, and the record allowed the ALJ to evaluate Strong's capacity to work. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ reasonably supported his findings that Strong's learning disorder constituted a severe impairment, and that Strong was limited to entry level jobs, by citing Strong's subjective testimony and objective medical findings, including his 1998 and 2001 IQ scores, school records, and the assessments of the state disability examiners. *Molina,* 674 F.3d at 1110-11; *Tonapetyan*, 242 F.3d at 1147.

**AFFIRMED.**

2